IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lesia Hollman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:11-72-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of the ) | |
| Social Security Administration, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this *pro se* action to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her Supplemental Security Benefits ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on March 6, 2012 recommending that the decision of the Commissioner be affirmed. (Dkt. No. 48). Plaintiff was advised of her right to file specific written objections to the R & R of the Magistrate Judge within fourteen days of the service of the Order and the limited review provided if no objections were timely filed. (Dkt. No. 48-1). Plaintiff filed no written objections to the R & R. As set forth more fully below, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court is not required to review *de novo* findings or recommendations of the Magistrate Judge in which specific objection has not been made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner, but there remains the duty of the Court to "give careful scrutiny to the whole record to assure that there is a sound foundation to the Secretary's findings and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-1158 (4th Cir. 1971).

The matter came before an Administrative Law Judge ("ALJ"), who conducted an evidentiary hearing on August 5, 2009 and issued an R & R on October 23, 2009 recommending that the claimant's application for SSI benefits be denied. Record (hereafter "R.") at 11-16. The Appeals Council denied Plaintiff's request for review on November 9, 2010 and the recommendation of the ALJ became the decision of the Commissioner. R. at 4-5. Plaintiff

thereafter filed this action in District Court seeking review of the decision of the Commissioner. (Dkt. No. 1).

The ALJ found that Plaintiff had no impairment or combination of impairments which significantly limited her ability to perform basic work related activities for twelve consecutive months. R. at 13. As such, the ALJ determined that Plaintiff did not have a "severe impairment" under 20 C.F.R. § 416.921, a necessary threshold requirement to qualify as disabled under the Social Security Act. The ALJ further found that Plaintiff's subjective complaints of pain were not credible because they were "inconsistent with the medical evidence of record, the claimant's reports to her physicians, and the treatment sought and received." R. at 14. The ALJ specifically reviewed and referenced the reports of several physicians and found that Plaintiff's impairments not to be "severe, as they are only slight abnormalities and have no more than a minimal effect on the claimant's ability to work." R. at 15.

In filing this action, Plaintiff challenges the findings of the ALJ. She describes herself as a "sick person" with diabetes, hypertension, "a pin hole in my heart", blurry eyes, headaches, chest pains and body pains. (Dkt. No. 1 at 2-3). These claims are similar to those asserted before the ALJ and were evaluated by an examining physician and reviewing physicians. R. at 137-138, 161-168. The ALJ found that these medical conditions, while present, did not constitute severe impairments, and the Magistrate Judge recommended that this finding be affirmed because there is substantial evidence in the record to support the finding of the Commissioner. (Dkt. No. 48 at 9-12). The Magistrate Judge also found substantial evidence to support the Commissioner's credibility finding. *Id.* at 12-14. The Magistrate Judge further noted that the claimant had submitted to the Court for the first time a new document but recommended that the case not be

remanded pursuant to Sentence Six of 42 U.S.C. § 405(g) because the new evidence was not new or material. *Id.* at 15.

The Court has reviewed the entire record and concur with the Magistrate Judge that there is substantial evidence in the record to support the decision of the Commissioner. The Court has also reviewed the single additional page of medical records submitted by Plaintiff on appeal (Dkt. No. 29-1) and found that it is essentially duplicative of other records already submitted that confirm that Plaintiff has diabetes and hypertension. Having reviewed the full record, the R & R of the Magistrate Judge and the relevant regulatory, statutory and case law, the Court hereby **ADOPTS** the R & R of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

April 3, 2012
Charleston, South Carolina